NOT DESIGNATED FOR PUBLICATION

No. 127,267

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ACE RIDER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Opinion filed February 21, 2025. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before WARNER, C.J., GARDNER and HURST, JJ.

PER CURIAM: Ace Rider appeals the district court's order revoking his probation and imposing a modified prison sentence. We granted his motion for summary disposition under Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48). After reviewing the record and the arguments in Rider's motion and the State's response, we affirm the district court's judgment.

In March 2023, Rider pleaded guilty to aggravated battery for conduct that occurred in April 2022. As part of the plea agreement, the State recommended that Rider be sentenced using the mid-range term in the appropriate Kansas Sentencing Guidelines grid box and be granted a dispositional departure to probation. The district court followed

this recommendation at Rider's sentencing: It imposed a sentence of 71 months' imprisonment, granted a dispositional departure, and ordered Rider to serve 36 months of probation.

About eight months later, the State alleged that Rider had violated the conditions of his probation by driving recklessly and "[r]acing on [h]ighways." The court held a hearing on the State's motion. Rider admitted that he had committed new crimes while on probation—he had pleaded no contest to three crimes in a Wichita municipal court: speeding, expedition of speed, and reckless driving. The court accepted Rider's stipulations and turned to the appropriate disposition for these violations.

The State recommended revoking Rider's probation and imposing his underlying sentence, noting the court's previous "generous departure" from the presumptive sentence under the Kansas Sentencing Guidelines and emphasizing that Rider had been driving 115 miles per hour at the time he was arrested. Rider's probation officer recommended that Rider serve a 72-hour jail sanction. Rider argued that the court should follow the officer's recommendation and also order him to take a driving class. Rider asked the court to show leniency because his fiancée was due to give birth to their child in the next month and he was concerned about the baby. He pointed out that he had taken responsibility for his actions and argued that his probation was otherwise going well.

After hearing these arguments, the district court revoked Rider's probation. The court explained that it had initially followed the parties' recommendation to grant a dispositional departure, even when Rider's aggravated-battery conviction arose from a violent attack on an unsuspecting person. The court emphasized that despite this dispositional leniency, Rider had committed high-speed driving offenses that placed the public at risk. In its journal entry, the district court indicated that it had discretion to revoke Rider's probation because he had committed a new crime and because its earlier grant of probation had been a dispositional departure.

Rider then requested the court reduce his underlying prison sentence to about one year so that he did not miss a significant part of his child's life. The State protested that Rider's sentence should not be reduced that far but stated that it was "sympathetic" to Rider's argument and acknowledged that a reduction was within the court's discretion. The court then modified the duration of Rider's prison sentence from 71 to 45 months.

Rider now appeals, arguing the district court abused its discretion when it revoked his probation instead of imposing some less drastic sanction. Once a probation violation is established, a district court has discretion to revoke probation unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). Appellate courts review the district court's decision to revoke a person's probation for abuse of discretion. 315 Kan. at 328. Judicial action is an abuse of discretion if it is arbitrary, fanciful, or unreasonable or if it is based on a legal or factual error. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021).

When a person violates their probation terms under that statutory framework, a district court ordinarily must order them to serve a two- or three-day jail sanction before revoking probation altogether. K.S.A. 22-3716(c)(1)(C). But the district court may bypass this requirement if the person received probation as the result of a dispositional departure or if the person committed a new crime while on probation. K.S.A. 22-3716(c)(7)(B) and (C).

Rider does not argue that the district court's decision to revoke his probation was based on a legal or factual error—he acknowledges that the district court had discretion to revoke his probation since he was granted probation through a dispositional departure and that he had committed new crimes while released. But he argues that the district court's decision to revoke his probation was unreasonable given his family circumstances.

3

We disagree. Rider was aware, as demonstrated by his previous plea agreement, that he had been granted a dispositional departure from a presumptive prison sentence. Despite this leniency and the terms of his probation, and knowing his fiancée was expecting a child, Rider committed new crimes less than a year into his probation term. We note that the district court, though unpersuaded by Rider's arguments regarding probation, took his family circumstances into consideration when it reduced the duration of his original prison term by over two years. We cannot say that the decision to revoke Rider's probation was unreasonable.

Rider has not shown that the district court erred when it revoked his probation.

Affirmed.